**UNITED STATES DISTRICT COUT**
**DISTRICT OF CONNECTICUT**

**COMPLAINT FORM**

| | |
|---|---|
| **WAJIH MOHAMED AND** : | |
| **MAHA MOHAMED,** : | |
|       **PLAINTIFFS** : | |
| | |
| **V.** : | **Case No.** |
| | |
| **UNITED STATES OF AMERICA,** : | |
|       **DEFENDANT** : | |

**A. PARTIES**

1. Wajih Mohamed (the "plaintiff Wajih") and Maha Mohamed (the "plaintiff Maha") are residents of the County of New Haven and State of Connecticut.

2. Upon information and belief, Charles Surrey was an employee, agent and/or representative of the United States of America (the "defendant") and, at all times relevant hereto, was acting in his capacity as an employee, agent and/or representative of the defendant. This action arises under the Federal Trust Claims Act, 28 U.S.C. §§ 2671 et. al, and this Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b).

**B. JURISDICTION AND VENUE**

3. The jurisdiction of this court is invoked pursuant to: Federal Trust Claims Act, 28 U.S.C. §§ 2671 et al, and 28 U.S.C. §1346(b).

## C.  NATURE OF CASE

4.  On October 5, 2004, at approximately 8:00 a.m., the plaintiff Wajih was the owner and operator of a 2000 Nissan van that was traveling westbound on Campbell Avenue in West Haven, Connecticut.

5.  At that time and place, Charles Surrey, acting in his capacity as an employee, agent and/or representative of the defendant, exited the parking lot of the Veteran's Administration Hospital on Campbell Avenue in West Haven, Connecticut and commenced proceeding in a westerly direction across Campbell Avenue and Lamson Street.

6.  At that time and place, the vehicle being operated by Charles Surrey, acting in his capacity as an employee, agent and/or representative of the defendant, struck the vehicle being operated by the plaintiff Wajih in its front end.

## D. CAUSE OF ACTION

7.  The collision was caused by the carelessness and negligence of the defendant, acting through its employee, agent and/or representative, Charles Surrey, in that the defendant:

    a.  failed to maintain the vehicle at a reasonable distance apart from the vehicle being operated by the plaintiff for the time, place and conditions then prevailing in violation of C.G.S. § 14-240(a) and § 14-241(b), or otherwise in such a manner so as to avoid a collision;

    b.  failed to keep the vehicle under proper control, or with the degree of control required so as to avoid a collision;

c.  failed to apply the brakes at a reasonable time or in the requisite manner required for a reasonable application of brakes so as to avoid a collision;

d.  failed to keep a reasonable lookout for traffic upon the highway or keep a lookout sufficient so as to avoid a collision;

e.  saw or should have seen the vehicle being operated by the plaintiff but failed to slow, stop, turn, or otherwise move the vehicle to avoid a collision;

f.  operated said vehicle in a careless and inattentive manner;

g.  operated said vehicle at too high and excessive a rate of speed for the time, place, and conditions prevailing in violation of C.G.S. §§14-218 and 14-219, or otherwise at such a rate of speed as to be unable to avoid a collision;

h.  failed to sound a warning of approach;

i.  failed to operate the vehicle in the right-hand lane of traffic upon the highway at that time and place in violation of §14-230 of the Connecticut General Statutes;

j.  failed to pass to the right of the vehicle being operated by the plaintiff in violation of § 14-231 of the Connecticut General Statutes;

k.  failed to grant the right of way at the intersection to the motor vehicle of the plaintiff which was approaching from his right in violation of § 14-245 of the Connecticut General Statutes;

l.  pulled out into traffic from a parked position when such could not be done with reasonable safety in violation of § 14-243 of the Connecticut General Statutes;

    m. failed to bring the vehicle to a stop in obedience to a stop sign controlling traffic entering the intersection and failed to yield the right of way to the plaintiff's vehicle in violation of § 14-301 of the Connecticut General Statutes;

    n. failed to bring the vehicle to a halt for a red stop and go traffic signal controlling traffic entering the intersection in violation of § 14-299 of the Connecticut General Statutes; and

    o. while approaching a yield sign controlling traffic entering the intersection, failed in obedience of the sign, to slow down to a speed reasonable for existing conditions, and to yield the right of way to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time he was moving across or within the intersection in violation of § 14-302 of the Connecticut General Statutes.

8. As a direct and proximate result of the negligence and carelessness of the defendant acting through its employee, agent and/or representative, Charles Surrey, said plaintiff Wajih was caused to sustain the following injuries, some or all of which may be permanent in nature:

    i. cervical strain/sprain;

    ii. aggravation of pre-existing cervical strain/sprain;

    iii. headaches;

    iv. muscle spasm;

    v. radiculopathy;

    vi. aggravation of the existing radiculopathy;

      vii.   emotional distress; and

      viii.  loss of enjoyment of life.

9. As a further result of the negligence of the defendant as aforesaid, acting through its agent, employee and/or representative, Charles Surrey, the plaintiff Wajih has incurred, and will continue to incur, expenses for medical care and treatment, hospital care and treatment, physical therapy, x-rays, prescriptions and the like, and may in the future continue to incur such medical expenses for treatment of the aforesaid injuries.

10. As a further result of the negligence of the defendant as aforesaid, acting through its agent, employee and/or representative, Charles Surrey, the plaintiff Wajih suffered a loss of income.

11. As a further result of the negligence of the defendant as aforesaid acting through its agent, employee, and/or representative, Charles Surrey, the plaintiff Wajih suffered property damage to his motor vehicle.

12. On January 31, 2005, the plaintiff Wajih submitted his claim in the amount of $202,400.00 to the Department of Veterans Affairs, Office of the Regional Counsel (02). On April 22, 2005, such claim was rejected by the Department of Veterans Affairs, Office of the Regional Counsel.

**SECOND COUNT:**

14-16.   Paragraphs 1 through 3 are hereby set forth as Paragraphs 14 and 16 of the Second Count.

17. On October 5, 2004, at approximately 8:00 a.m., the plaintiff Wajih was the owner and operator of a 2000 Nissan van that was traveling westbound on Campbell Avenue in West Haven, Connecticut, and the plaintiff Maha was a passenger in said vehicle.

18-20. Paragraphs 5, 6 and 8 are hereby made Paragraphs 18 through 20 of the Second Count.

21. As a direct and proximate result of the negligence and carelessness of the defendant, acting through its employee, agent and/or representative, Charles Surrey, the plaintiff Maha was caused to sustain the following injuries, some or all of which may be permanent in nature:

      i. cervical radiculopathy and pain;

      ii. post traumatic headaches and dizziness;

      iii. musculo - tendons sprain of the knee;

      iv. musculo - tendons sprain of the ankle;

      v. muscle spasm;

      vi. emotional distress;

      vii. loss of enjoyment of life;

22-23. Paragraphs 9 and 10 of the First Count are hereby set forth as Paragraphs 22 and 23 of the Second Count.

24. On January 31, 2005, the plaintiff Maha submitted her claim in the amount of $200,000.00 to the Department of Veterans Affairs, Office of the Regional Counsel (02). On April 22, 2005, such claim was rejected by the Department of Veterans Affairs, Office of the Regional Counsel.

## E.  REQUEST FOR RELIEF

Wherefore, the plaintiffs demand judgment against defendant as follows:

1. The sum of $202,400.00 for plaintiff Wajih for past and future medical expenses, lost wages, pain and suffering and property damage;

2. The sum of $200,000.00 for plaintiff Maha for past and future medical expenses, lost wages, and pain and suffering;

3. Costs in this action;

4. Such other relief as the Court may deem proper.

## F. JURY DEMAND

Do you wish to have a jury trial?   Yes_____        No_____

_____        _____
Original signature of attorney         Plaintiff's Original Signature

_____        _____
Printed Name

_____        _____

_____        _____
Attorney's full address and telephone   Plaintiffs' full address and telephone

_____        _____
Email address if available             Email address if available

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C. §1746;18 U.S.C. § 1621.

Executed at_____ on_____

_____
Plaintiffs Original Signature